# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2376

_____

Central States, Southeast and Southwest Areas Health and Welfare Fund, an Employee Welfare Benefit Plan; Arthur H. Bunte, Jr., a Trustee thereof, in his representative capacity,

*Plaintiffs - Appellants*,

v.

Student Assurance Services, Inc.; Columbian Life Insurance Company; Security Life Insurance Company of America,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 11, 2015
Filed: August 10, 2015

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This appeal arises out of an insurance coverage dispute between Central States, Southeast and Southwest Areas Health and Welfare Fund, an ERISA plan, and two insurance companies, Columbian Life Insurance Company and Security Life

Insurance Company of America. In essence, both sides contend that the other bears primary responsibility to cover medical expenses incurred by their common insureds. Central States brought suit to enforce the terms of its plan under § 502(a)(3) of ERISA. The district court[1] dismissed the complaint because the relief sought by Central States was legal rather than equitable. Agreeing with several other circuits that have addressed the same legal argument of Central States, we affirm.

Central States, a multi-employer trust fund governed by ERISA, provides health and welfare benefits to participants in the teamster industry and their dependants. Columbian Life and Security Life are insurance companies that sell, among other things, medical insurance for accidents suffered by students. Student Assurance Services processed claims for policies issued by Columbian Life and Security Life. For purposes of this opinion, we refer to these three entities collectively as "Student Assurance."

Central States's complaint identifies thirteen junior high, high school, and college student-athletes who were covered dependants under its plan. These students also were covered under policies issued by Student Assurance. After the students sustained athletic injuries, Central States paid the students' medical expenses and sought reimbursement from Student Assurance. Student Assurance refused to pay. In total, Central States paid $137,204.88 in benefits. Central States alleges that according to the coordination of benefits provision of its plan, the student accident policies supply primary coverage for the students' covered medical expenses. Student Assurance insists, however, that the student accident policies are excess policies, and that they are not obligated to pay until Central States has reached the maximum contribution under its plan.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Central States sued, invoking federal common law and § 502(a)(3) of ERISA. The complaint includes claims for declaratory relief, restitution, and the imposition of an equitable lien and constructive trust to secure reimbursement for the benefits paid on behalf of the common insureds. Student Assurance moved to dismiss on the ground that Central States's claims, while ostensibly seeking equitable remedies, were actually for legal relief that is unavailable under § 502(a)(3). *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). The district court granted the motion and dismissed the complaint.

We are the fifth circuit to consider substantially identical claims brought by Central States against insurance providers who are not governed by ERISA. Central States seeks to employ § 502(a)(3) to enforce its coordination of benefits provision against other insurers. In response, the insurers have argued that *Knudson* forecloses the claims, because Central States requests legal, not equitable, relief. Four circuits have agreed with the insurers and held that Central States's claims are not permitted under § 502(a)(3). *See Central States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150 (2d Cir. 2014); *Central States, Se. & Sw. Areas Health & Welfare Fund v. Bollinger, Inc.*, 573 F. App'x 197 (3d Cir. 2014); *Central States, Se. & Sw. Areas Health & Welfare Fund v. First Agency, Inc.*, 756 F.3d 954, 959-62 (6th Cir. 2014); *Central States, Se. & Sw. Areas Health & Welfare Fund v. Health Special Risk, Inc.*, 756 F.3d 356 (5th Cir. 2014).

In *Knudson*, an ERISA plan sued a participant for restitution under § 502(a)(3) to recover benefits paid before a settlement of a personal injury lawsuit between the participant and an auto manufacturer. 534 U.S. at 207-08. The Supreme Court held that an ERISA plan can bring a claim under § 502(a)(3) only for "those categories of relief that were *typically* available in equity." *Id.* at 210 (internal quotation omitted). The Court then distinguished legal claims for restitution from equitable claims. A plaintiff could seek restitution at law when he "could *not* assert title or right to possession of particular property, but . . . he might be able to show just grounds for

-3-

recovering money to pay for some benefit the defendant had received from him." *Id.* at 213 (internal quotation omitted). Restitution was available at equity, and thus available under § 502(a)(3), only "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to *particular* funds or property in the defendant's possession." *Id*. (emphasis added). In *Knudson*, the settlement proceeds were paid not to the plan participant, but to his attorney and to a trust for medical care. Since the plan participant never had the funds in his possession, the Supreme Court held that the ERISA plan's claim for restitution was legal rather than equitable. *Id.* at 214.

Following the analysis of *Knudson*, our sister circuits have concluded that Central States's claims for restitution and for an equitable lien or a constructive trust are legal rather than equitable claims, because the fund seeks compensation out of the general assets of the non-ERISA insurers, and does not assert the right to particular property in the possession of the insurers. *See Gerber Life*, 771 F.3d at 154-55; *Bollinger*, 573 F. App'x at 200-02; *First Agency*, 756 F.3d at 960-61; *Health Special Risk*, 756 F.3d at 366-67. We agree with their analysis, and we likewise conclude that the district court properly dismissed those claims in this case.

Central States's complaint also seeks declaratory relief as to both past and future covered medical expenses incurred by the common insureds. The district court properly dismissed these claims as well. With respect to past expenses, Central States's complaint seeks ultimately to recover the $137,204.88 that it paid on behalf of the common insureds. Central States "does not seek a declaration of liability under conflicting plans, but a judgment through which it can continue to pursue its goal of receiving monetary compensation not authorized by § 502(a)(3)." *Health Special Risk*, 756 F.3d at 368; *see also Gerber Life*, 771 F.3d at 154 ("Central States' claims are, in essence, legal ones for money damages even though they are covered by an equitable label. Litigants are not at liberty to plead around ERISA's limitations by resorting to common law or declaratory judgment claims."); *Bollinger*, 573 F. App'x

at 200 n.5 ("We think it clear, however, that such requests [for declaratory relief] simply seek a recovery equal to the sum of money that Central States had paid though it does so by using equitable nomenclature."). As to a declaratory relief addressing future expenses, assuming for the sake of analysis that § 502(a)(3) permits such a claim, Central States's claim is not ripe for review, because "[t]he complaint contains no allegation that any of the [thirteen] insureds have sustained new injuries creating a dispute over who must pay their claims." *Health Special Risk*, 756 F.3d at 368.

For these reasons, the judgment of the district court is affirmed.

_____